IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANGELA NAILS,

                Plaintiff,                    ORDER

v.

                                            23-cv-786-wmc

MAIN STREET AMERICAN INSURANCE,

                Defendant.

In this civil action, plaintiff Angela Nails, who is representing herself, claims that defendant Main Street America Insurance[1] ("Main Street") improperly denied her insurance claims after she was treated for two cracked teeth. Because the allegations in the complaint are insufficient to determine whether this court has authority to resolve Nails's claims, Nails will be given an opportunity to file an amended complaint with more information, as explained below. However, before continuing with her case in this court, she should note that her case could be later dismissed or transferred because she filed it in the wrong district.

OPINION

"Federal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citation omitted and alteration adopted). Congress has authorized courts to hear (1) cases that raise a federal question and (2) cases in which there is diversity of citizenship among the parties. *Id.* For diversity jurisdiction to exist, a

---

[1] Nails identifies the defendant as "Main Street American Insurance," but it appears that the defendant's actual name is "Main Street America Insurance."

complaint must allege complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. *Id.*; 28 U.S.C. § 1332. "Complete diversity" exists when no plaintiff is from the same state as any defendant. *Smart*, 562 F.3d at 803.

Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, Nails alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. (*See* Compl. (dkt. #1) 1.) However, she does not adequately allege her or Main Street's citizenship. First, Nails alleges that she is a "resident citizen" of Georgia, but that allegation does not establish her citizenship. (Compl. (dkt. 1) 1.) An individual's citizenship is determined by her domicile. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Domicile requires actual residence in state *and* intent to remain. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Thus, in her amended complaint, Nails should allege facts establishing the state where she resides and her intent to remain there.

Nor does Nails adequately allege the citizenship of Main Street, as she only alleges that it has "Wisconsin resident citizenship" and adds that its service address is 6000 American Parkway Madison, Wisconsin 53783-0001. (Compl. (dkt. #1) 1-2.)

If Main Street is a corporation, it is a citizen of two states: the state of its incorporation and the state where it has its principal place of business. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). A corporation's "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities . . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Therefore, if Main Street is a corporation, Nails must allege its state of incorporation and principal place of business. Although an internet search shows that Main Street is a subsidiary of American Family Insurance Company, Inc., and Nails lists American Family's address as Main Street's service address, Main Street's citizenship is not determined by American Family's citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (a corporation's citizenship is not determined by the citizenship of its affiliates).

However, if Main Street is an unincorporated association, not a corporation, then Nails must allege the citizenship of each of its members. *See Americold Realty Tr.*, 136 S. Ct. at 1015.

Although the court will allow Nails to amend her pleadings, she may have sued in the wrong district because she is a Georgia resident, and an internet search shows that Main Street is a Florida resident. Also, she does not allege that any of the events underlying her lawsuit occurred in Wisconsin. Main Street *could* waive arguments about the action being brought in the wrong district, so at the moment, the court will not decide whether this is the proper district for the case. However, Nails should be aware that her action could later be dismissed without prejudice or transferred to a different district court.

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until **January 19, 2024,** to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 19th day of December, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge